UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DIAMOND YOUNG, ET AL** * | **CIVIL ACTION NO. 11-2438** |
|     **Plaintiffs** * | |
| * | **SECTION: H** |
| **VERSUS** * | **JUDGE JANE TRICHE MILAZZO** |
| * | |
| **UNITED STATES OF AMERICA** * | |
|     **Defendant** * | **MAGISTRATE: 5** |
| * | **MAG. ALMA L. CHASEZ** |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*

### ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 20) filed by the United States of America. For the following reasons, the motion is **GRANTED.**

### BACKGROUND

Plaintiffs Complaint alleges that the United States Department of the Interior, United States Geological Survey ("USGS"), failed to use reasonable care in preparing two reports that it provided to the State of Louisiana Department of Transportation ("LDOT") for use in the construction of Interstate Highway 12. Specifically, plaintiffs allege that the USGS's hydrology study and bridge hydraulics study was performed by improper persons, e.g. field technicians rather than engineers,

1

ignored significant historical rainfall and flood events, and failed to include any backwater study in designing the height, width and location of the bridge openings over the highway. Interstate 12 was ultimately built in accordance with the USGS recommended design.

Plaintiffs allege that they sustained personal injuries and property damage as a result of a flood event that occurred within Tangipahoa Parish, Louisiana beginning on April 5, 1983. Plaintiffs claim that as the water moved downstream, it encountered the three small openings in Interstate Highway 12, and it began to back up as it could not move through the openings as quickly as it accumulated. As a result of the flooding, Plaintiffs' homes, businesses and other properties were flooded. Plaintiffs claim that the sole cause of their damages was the negligence of USGS, which the plaintiffs did not discover until after February 8, 2006.

On February 11, 2008, claims were filed with the USGS on behalf of numerous individuals ("Claimants") under the Federal Tort Claims Act ("FTCA"). On April 1, 2011, the Department of the Interior, Office of the Solicitor, Southeast Regional Office, denied Claimants' claims because: (1) Claimants did not adhere to the two-year statute of limitations for submitting administrative claims under the FTCA, 28 U.S.C. §2401(b); and (2) there were no negligent or wrongful acts or omissions committed by USGS employees, and thus, there was no waiver of sovereign immunity under the FTCA. Plaintiffs subsequently filed suit on September 28, 2011.

On March 2, 2012 the United States of America filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. 20.) The United States argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs did not submit their administrative claims to the appropriate federal agency within the two-year statute of limitations under the Federal Tort Claims

Act. (*Id.*) Plaintiffs opposed the United States' motion. (Doc. 28.) Plaintiffs allege that the United States' tortious conduct in assisting the state of Louisiana in designing, constructing, maintaining and failing to abate this continuous nuisance constitutes a continuous tort, such that the limitations period has been continuously tolled thereby vesting this Court with subject matter jurisdiction. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12. In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted).

## LAW AND ANALYSIS

The United States of America is a sovereign that is immune from suit except in the manner

and degree sovereign immunity is waived. *United States v. Testan*, 424 U.S. 392, 399 (1976). "The principle of sovereign immunity protects the federal government from suit." *Pena v. United States*, 157 F.3d 984, 986 (5th Cir.1998). Unless expressly waived, sovereign immunity "deprives federal courts of subject matter jurisdiction." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir.2006) (*citing Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 389 (5th Cir.2003)). When the United States does waive its immunity, it may define the exact parameters under which it will waive its immunity. *See Ware v. United States*, 626 F.2d 1278, 1286 (5th Cir. 1980). The FTCA is a partial waiver of the United States for tort suits. 28 U.S.C.A. §1346(b) (West 2012).

Prior to filing suit under the FTCA, a plaintiff must make a claim to the appropriate agency within two years of the date that the claim accrues. 28 U.S.C. §§ 2401(b), 2675. Failure to do so is a jurisdictional defect and deprives the Court of subject matter jurisdiction. *Flory v. United States*, 138 F.3d 157, 159 (5th Cir.1998). This is a strict condition. *See Brown v. Nationsbank Corp*, 188 F.3d 579, 589 (5th Cir. 1999)(stating that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . .").

"Federal law determines when a claim accrues within the meaning of section 2401(b) of the FTCA" *Ware*, 626 F.2d at 1283 -1284 (internal citations omitted). Under federal law, a cause of action accrues and the two year statute of limitations begins to run "when the plaintiff discovers, or, in the exercise of reasonable diligence should have discovered, the fact of the injury and its cause." *Bush v. United States*, 823 F.2d 909, 911 (5th Cir. 1987). "An FTCA claimant's awareness of an injury involves two elements: '(1) The existence of the injury; and (2) causation, that is, the

connection between the injury and the defendant's actions.'" *Huerta v. United States*, 384 Fed.Appx. 326, 328 (5th Cir. 2010)(*citing Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)). The causation element is satisfied when the claimant has knowledge of facts that would lead a reasonable person to: (a) conclude that there was a causal connection . . . or (b) seek professional advice, and then, with that advice, conclude that there was a causal connection between the claimant's injury and the federal employee's actions. *Ramming*, 281 F.3d at 153.

Defendants assert that it is unreasonable to believe that it took the plaintiffs approximately 23 years to determine that there was a basis for litigation against the United States. The United States relies on knowledge that was obtained and utilized throughout a class action lawsuit filed against the state of Louisiana immediately following the 1983 flood. The current individual plaintiffs were members of that class. First, the USGS reports that Plaintiffs complain of were written in 1961 and 1964. Second, both Dr. Hannoura, the plaintiffs expert, and Plaintiffs' legal counsel were working for the class action plaintiffs by the mid 1990's. Third, in February of 2002, while arguing the state court appeal, LDOT argued that they merely followed the federal government's plans and specifications for the construction of Interstate Highway 12. The United States concludes that all of these things would have prompted a reasonable person to inquire and seek legal counsel on a possible claim against the federal government.

In their Complaint, Plaintiffs state that the April 5, 1983 rain event resulted in severe flooding to all plaintiffs, but that the negligence of the USGS was not discovered until after February 8, 2006. Plaintiffs complain that the negligence of the USGS constitutes a continuing tort.

Under the continuing tort doctrine, "the cause of action is not complete and does not

5

accrue until the tortious acts have ceased." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (5th Cir. 2007). The Fifth Circuit has yet to consider whether a plaintiff may use the continuing tort doctrine to recover under the FTCA for injuries occurring more than two years before a plaintiff files an administrative tort claim. *See, e.g., In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185, 191 (5th Cir. 2011); *Patel v. United States*, 398 Fed.Appx. 22, 30 (5th Cir. 2010). On the other hand, even assuming that the continuing tort doctrine could apply to Plaintiffs' FTCA claim, this Court holds that it would be inapplicable in this case.

Claim accrual under the FTCA is based on awareness of the injury, not when the alleged wrongful conduct ends. *See Beech v. United States*, 345 F.2d 872, 874 (5th Cir.1965) ("Where the trauma coincides with the negligent act and some damage is discernible at the time, [§ 2401(b)'s] two-year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable."). In this case, plaintiffs were aware of their injury as early as April 5, 1983 - approximately 25 years before their 2008 administrative claims were submitted. Plaintiffs did not cite any relevant Fifth Circuit case law indicating that accrual should be delayed when the plaintiff knows about the injury and could have discovered, with a reasonable inquiry, the United State's potential liability. Instead, Plaintiffs merely reference other federal courts and Louisiana law for the notion that when the United States commits a continuing tort, the claim against the United States continuously accrues. In conclusion, given the jurisdictional nature of the FTCA's statute of limitations and the general policy of narrowly construing statutes that waive sovereign immunity, this Court declines to apply the continuing tort doctrine to the facts presented in this case. *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185, 191 (5th Cir. 2011); *see*

*also Ramming*, 281 F.3d at 165.

Since plaintiffs knew of their injury as early as April of 1983, the Court must now determine if the plaintiffs knew or had reason to know the connection between their injury and the United States' actions. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir.1999). "Actual knowledge is not necessary, though, for the limitations period to commence if the circumstances would lead a reasonable person to investigate further." *Adrian v. Selbe*, 364 Fed.Appx. 934, 937 (5th Cir. 2010) (*citing Piotrowski* 51 F.3d at 516) (internal quotations omitted). "Thus, a plaintiff is charged with the responsibility to exercise due diligence in investigating and pursuing his or her claim." *Vidrine v. United States*, No. 07-1204, 2008 WL 4198547, at *2 (W.D.La., Aug. 8, 2008).

This Court is unconvinced that Plaintiffs did not have knowledge until after February of 2006 that the United States may be negligent in the construction of the Interstate Highway 12 bridge over the Tangipahoa River. While Plaintiffs may not have initially known of the United States involvement, it is evident that throughout the Louisiana litigation Plaintiffs were in possession of the critical fact that the United States may have contributed to their injuries. The Court further notes that Plaintiffs were represented by legal counsel throughout the Louisiana litigation. To excuse the plaintiffs' responsibilities in this situation would undermine the purpose of the limitation statute, "which is to require the reasonably diligent presentation of tort claims against the Government." *United States v. Kubrick*, 444 U.S. 111, 123 (U.S., 1979).

"Statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims." *Kubrick,* 444 U.S. at 125. On the other hand, they must be given complete effect. As previously noted, the continuing tort doctrine does not apply in this case and plaintiffs were not

reasonably diligent in determining the United States potential involvement. As such, this Court concludes that plaintiffs' FTCA claim accrued prior to February of 2006, thereby making their February 2008 administrative filing untimely.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 20) is hereby **GRANTED.** A judgment shall follow entering judgment in favor of the defendant, United States of America, and against all plaintiffs, dismissing Plaintiffs' claims with prejudice. Oral argument scheduled on June 1, 2012 is hereby **CANCELLED.**

New Orleans, Louisiana this 25th day of May, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**