UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIAMOND YOUNG, ET AL                    *        CIVIL ACTION NO. 11-2438
                    Plaintiffs          *
                                        *        SECTION: H
VERSUS                                  *        JUDGE JANE TRICHE MILAZZO
                                        *
UNITED STATES OF AMERICA                *
                    Defendant           *        MAGISTRATE: 5
                                        *        MAG. ALMA L. CHASEZ
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ****

ORDER AND REASONS

The matter before the Court is Plaintiffs' Motion for New Trial.  (Doc. 42.)  For the following

reasons Plaintiff's Motion is hereby **DENIED**.

BACKGROUND

Plaintiffs allege that they sustained personal injuries and property damage as a result of a

flood event that occurred within Tangipahoa Parish, Louisiana beginning on April 5, 1983 ("1983

Flood").  Plaintiffs claim that as the water moved downstream, it encountered the three small

openings in Interstate Highway 12, and it began to back up as it could not move through the

-1-

openings as quickly as it accumulated.  As a result of the flooding, Plaintiffs' homes, businesses and other properties were flooded.

Immediately following the 1983 Flood a class action suit was filed against the state of Louisiana.  The current Plaintiffs were members of that class.  The state was found to have violated the Plaintiffs' natural servitude of drainage, and the embankment was found to be a cause in fact of the flooding ("State Case").  *See Boudreaux v. State, Dept. of Transp. and Dev.*, 780 So.2d 1163, 1168 (La. App. 1 Cir., 2001).  The Judgment in the State Case was finalized in February 2006.  The Louisiana Constitution provides that judgments against the state shall be paid from funds appropriated by the legislature, however funds were never appropriated.  "Therefore, in the Spring of 2007, counsel for Plaintiffs gathered up his wits and his engineer and sought to find a viable defendant."  (Doc. 42-1 at 5.)

On February 11, 2008, claims were filed with the United States Geological Survey ("USGS") on behalf of Plaintiffs under the Federal Tort Claims Act ("FTCA").   On April 1, 2011, the Department of the Interior, Office of the Solicitor, Southeast Regional Office, denied Claimants' claims because: (1) Claimants did not adhere to the two-year statute of limitations for submitting administrative claims under the FTCA, 28 U.S.C. §2401(b); and (2) there were no negligent or wrongful acts or omissions committed by USGS employees, and thus, there was no waiver of sovereign immunity under the FTCA.  Plaintiffs subsequently filed suit on September 28, 2011 claiming that the sole cause of their damages was the negligence of the USGS, which the plaintiffs did not discover until after February 8, 2006.

On March 2, 2012 the United States filed a Motion to Dismiss for Lack of Jurisdiction.  (Doc.

20.)  The Court granted that Motion on May 25, 2012.  (Doc. 37.)  Judgment was entered in favor

of the United States on May 25, 2012.  (Doc. 38.)  On June 25, 2012 Plaintiffs filed a Motion for New

Trial. (Doc. 42.)  The United States opposed that Motion on July 2, 2012.  (Doc. 46.)  The Court took

the Motion under submission on July 18, 2012.


## LEGAL STANDARD

Plaintiffs' title their Motion as a Motion for New Trial under Rule 59.  This Court finds that

Rule 59(a) is inapplicable as a trial never occurred.  *See* Fed. R. Civ. P. 59(a)(1) ("The court may. .

. . grant a new trial on all or some of the issues - as to any party - as follows: (A) after a jury trial .

. . (B) after a nonjury trial . . .").  Rule 59(e), however is applicable.

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or

arguments that could have been offered or raised before the entry of judgment." *Templet v.

HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004)(citing *Simon v. United States*, 891 F.2d 1154,

1159 (5th Cir.1990)).  Instead, Rule 59(e) serves the purpose of correcting manifest errors of law

or fact, or presenting newly discovered evidence. *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123

F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, No. 09-7651, 2010 WL 5057413, at

*1 (E.D. La. Dec. 2 2010).  "'Manifest error' is one that 'is plain and indisputable, and that amounts

to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th

Cir. 2004)(quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004)).

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s

an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy

*v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E. D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct.6, 2010). While the district courts do have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995), denial of Rule 59(e) motions to alter or amend is favored.  *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## LAW AND ANALYSIS

Plaintiffs argue that they had no reason to search further for the negligence of other parties as the claim against the state appeared to cover everything.  (Doc. 42-1 at 2.)  Thus, the Plaintiffs "[o]nly became aware of the present claim in 2007 when it became apparent that the State of Louisiana was not going to satisfy the [state court] judgment."  (*Id.* at 6.)  Plaintiffs contend that the testimony presented at the state court trial did not inculpate the United States government.  (*Id.* at 2, 7.)  Lastly, Plaintiffs allege that if the Court is persuaded to grant a new trial then it should re-visit the evidence and find the continuing tort doctrine applicable.  (*Id.* at 9.)

The United States argues that the "Plaintiffs are unable to establish a manifest error of law or fact in this Court's original decision."  (Doc. 46 at 2.)  The United States points out that Plaintiffs merely reiterate their original arguments.  (*Id.*)  Moreover, the United States avers that there are numerous reasons why a reasonable person would have begun researching potential FTCA claims before February 8, 2006.  (*Id.* at 3.)  Ultimately, the United States contends that while Plaintiffs may

-4-

have began their investigation of possible FTCA claims against the United States in July, 2007, their claims accrued before that date and the Court should deny Plaintiffs' Motion.  (*Id.* at 3-4.)

The party asserting jurisdiction bears the burden of proving that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted) (discussing a 12(b)(1) motion to dismiss in the FTCA context).  Jurisdiction will only exist under the FTCA if a plaintiff makes a claim to the appropriate agency within two years of the date that the claim accrues. 28 U.S.C.A. §§ 2401(b), 2675 (West 2012).  "Federal law determines when a claim accrues within the meaning of section 2401(b) of the FTCA" *Ware*, 626 F.2d at 1283--84 (internal citations omitted).  "An FTCA claimant's awareness of an injury involves two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'" *Huerta v. United States*, 384 Fed.Appx. 326, 328 (5th Cir. 2010)(*citing Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)).  The causation element is satisfied when the claimant has knowledge of facts that would lead a reasonable person to: (a) conclude that there was a causal connection or (b) seek professional advice, and then, with that advice, conclude that there was a causal connection  between the claimant's injury and the federal employee's actions. *Ramming*, 281 F.3d at 153.  "Actual knowledge is not necessary, though, for the limitations period to commence if the circumstances would lead a reasonable person to investigate further." *Adrian v. Selbe*, 364 Fed.Appx. 934, 937 (5th Cir. 2010) (*citing Piotrowski* 51 F.3d at 516) (internal quotations omitted).  "Thus, a plaintiff is charged with the responsibility to exercise due diligence in investigating and pursuing his or her claim."  *Vidrine v. United States*, No. 07-1204, 2008 WL 4198547, at *2 (W.D.La., Aug. 8, 2008).

This Court finds that there is no manifest error of law or fact in this Court's original decision. Plaintiffs bear the burden of proving that they acted reasonably by not investigating a potential FTCA claim before February 8, 2006.  In trying to meet their burden Plaintiffs make a number of arguments. First, Plaintiffs state that "Plaintiffs and their counsel based their case against the state on the [Louisiana] Civil Code Articles on servitude and thus had no reason to look at fault other than that as spelled out in these Articles on the servitude of drain."  (Doc. 42-1 at 2.)  Second, Plaintiffs state that the "[U]nited States government witness testified [at the state court trial] and did not indicate any fault on the part of the United States government."  (*Id.*)  Plaintiffs iterate that it is reasonable to rely on his testimony.  (*Id.* at 7.)  Lastly, Plaintiffs contend that although blame was placed on the Federal Highway Administration during the state court trial, that this cannot amount to putting the Plaintiffs or their attorney on alert, notice or inquiry that there was any other cause of action.  (*Id.* at 3-4.)

The Court finds that Plaintiff cannot meet their burden of showing that a reasonable person would not have begun researching potential FTCA claims prior to 2006.  This Court finds that a reasonable person clearly had sufficient facts to begin investigating a possible FTCA claim well before 2006, and not just after the state of Louisiana refused to pay their judgment.  Accordingly, Plaintiffs claims accrued prior to their filings in the instant suit and Plaintiffs' Motion for New Trial is denied.

## CONCLUSION

For the foregoing reasons Plaintiff's Motion for New Trial is hereby **DENIED**.

New Orleans, Louisiana on this 19th day of December, 2012.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**